**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOV 2 2 2005

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 90-449-03 (SSH) |
| | ) |
| CORNELIO CABRERA-BAEZ, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION

Pending before the Court is Petitioner's motion to vacate his sentence pursuant to Federal Rule of Civil Procedure 60(b)(4), which is opposed by the government. Upon careful consideration of Petitioner's motion, the government's opposition, and the entire record herein, the Court has determined that Petitioner's motion is properly understood as a second or successive motion brought pursuant to 28 U.S.C. § 2255. The Court will therefore transfer Petitioner's motion to the U.S. Court of Appeals for the District of Columbia Circuit in order for that court to determine whether to authorize the filing of this motion.

### I. BACKGROUND

A jury convicted Cornelio Cabrera-Baez ("Petitioner") of conspiracy to distribute more than fifty grams of crack cocaine and distribution of more than fifty grams of crack cocaine, offenses contrary to 21 U.S.C. §§ 846 and 841, respectively. For these crimes, Judge Stanley Harris sentenced Petitioner to concurrent life sentences. The D.C. Circuit, on appeal, affirmed Petitioner's conviction, but remanded the case for resentencing. United States v. Saro, 24 F.3d 283, 292 (D.C. Cir. 1994). On remand, Judge Harris sentenced Petitioner to concurrent 324-month sentences; the D.C. Circuit affirmed this sentence. United States v. Cabrera-Baez, 1996 U.S. App. LEXIS 41836 (D.C. Cir.).

On October 20, 1997, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Government's Opposition at 2. On January 3, 2001, Judge Harris denied Petitioner's § 2255 motion. Id. at Exhibit A. Both Judge Harris and the Court of Appeals denied Petitioner's subsequent motion for a certificate of appealability. Id. at Exhibits E-F. On April 19, 2005, Petitioner filed the present motion, arguing that his sentence should be vacated in light of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). The government filed its opposition on October 27, 2005.

## II. DISCUSSION

Petitioner styles his motion as one brought under Federal Rule of Civil Procedure 60(b)(4).[1] The government, however, contends that petitioner's motion should be construed as a second or successive motion brought under 28 U.S.C. § 2255. It is for this Court to decide which, if either, of these assertions is correct. As noted by the Eleventh Circuit, this is an issue that arises frequently, as many § 2255 movants attempt to circumvent the limitations on second and subsequent motions by disguising such motions as motions to vacate judgment brought pursuant to Rule 60(b). Gonzales v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1256 (11th Cir. 2004).

---

[1] Rule 60(b) provides that the Court may relieve a party from a final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Petitioner relies primarily on Rule 60(b)(4) to support his case.

Generally, a motion brought pursuant to Rule 60(b) challenges the integrity of the collateral review process of the sentence, rather than the sentence itself. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003); Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) (The "classic function" of a Rule 60(b) motion is to challenge "some irregularity or procedural defect in the procurement of the judgment denying habeas relief."). "[A]n example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings." Winestock, 340 F.3d at 207. By contrast, a motion brought pursuant to 28 U.S.C. § 2255 attacks the constitutionality or legality of the prisoner's conviction or sentence, or offers new legal arguments or additional evidence.[2] Id. Petitioner's motion is of the latter stripe.

Regardless of how a prisoner titles his motion, a court must review that motion on the basis of its substance; "the proper treatment of the motion depends on the nature of the claims presented." Id. at 206-07. In support of his motion, Petitioner argues that the Apprendi/Blakely/Booker line of cases establish that his sentence was imposed in disregard of his Sixth Amendment right to trial by jury. As a result, Petitioner argues, he is "swimming in a monumental ocean of unconstitutionality." Pet. Mot. 10. This is a direct attack on Petitioner's sentence, rather than an challenge to the integrity of the collateral review process. Petitioner's

---

[2] 28 U.S.C. § 2255 provides in pertinent part:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

motion therefore falls squarely within the reach of § 2255,[3] as he claims that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 ¶ 1. See also Gonzales, 366 F.3d at 1263 (explaining that a motion that does not concern a defect in an earlier § 2255 proceeding but attacks the sentence on other grounds "is not a true Rule 60(b) motion").

As noted, Petitioner filed an initial § 2255 motion with this Court on October 20, 1997. His present § 2255 motion thus qualifies as a "second or successive" one under the statute, and this Court cannot entertain it unless Petitioner obtains certification from the U.S. Court of Appeals for the District of Columbia Circuit. 28 U.S.C. § 2255 ¶ 8 ("A second or successive motion must be certified... by a panel of the appropriate court of appeals"); see also United States v. Levi, No. 97-3052, 1997 U.S. App. LEXIS 23119 (D.C. Cir.) (holding that the district court lacked jurisdiction to consider successive § 2255 motions where they had not been authorized by the Court of Appeals). Accordingly, the Court will transfer Petitioner's motion to the D.C. Circuit to determine whether the Petitioner is authorized to file a second or successive § 2255 motion.

---

[3] As the government properly notes, Government's Opposition at 5 n.2, although the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 383 (2003), requires a court to give notice to a *pro se* litigant that it is recharacterizing an initial post-conviction motion as a § 2255 motion, this Court is not required to notify Petitioner that it is recharacterizing his motion as a second or successive § 2255 motion. United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005).

## III. CONCLUSION

For the foregoing reasons, the Court will deny relief under Federal Rule of Civil Procedure 60(b)(4) and transfer Petitioner's motion to the United States Court of Appeals for the District of Columbia Circuit. An appropriate order will accompany this Memorandum Opinion.

November 21, 2005

Thomas F. Hogan
Chief Judge